UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERI LANE,

                    Plaintiff,

          - v. -

ANDREW M. SAUL, COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.

**ORDER**

18 Civ. 5523 (PGG) (OTW)

PAUL G. GARDEPHE, U.S.D.J.:

          Plaintiff Sheri Lane filed the Complaint in this action on June 19, 2018.  (Cmplt.

(Dkt. No. 1))  Lane seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of

the Commissioner of Social Security[1] denying her application for disability insurance benefits

and Supplemental Security Income ("SSI") benefits.  (Id.)  On June 25, 2018, this Court referred

the case to Magistrate Judge Ona T. Wang for a Report and Recommendation ("R & R").  (See

Order of Reference (Dkt. No. 4))

          The parties have cross-moved for judgment on the pleadings.  (Jt. Stip (Dkt. No.

17))

          On March 16, 2020, Judge Wang issued a 24-page R & R, recommending that

this Court grant Plaintiff's motion for judgment on the pleadings to the extent that Plaintiff seeks

a remand for further administrative proceedings, and deny Defendant's motion for judgment on

the pleadings.  (R & R (Dkt. No. 18))

---

[1] Andrew M. Saul is now the Commissioner of Social Security.  Pursuant to Federal Rule of
Civil Procedure 25(d), the Court substitutes Andrew M. Saul as the Defendant "Commissioner of
Social Security."

In her R & R, Judge Wang notified the parties that they had fourteen days from service of the R & R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  (R & R (Dkt. No. 18) at 24)  The R & R further states that "**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.**" (<u>Id.</u> (emphasis in original))  Neither side has filed objections to the R & R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made." <u>Id.</u>

Where, as here, no objections are filed to a magistrate judge's R & R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985); <u>see also</u> <u>Mario v. P & C Food Markets, Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (<u>per curiam</u>))); <u>see also</u> <u>Spence v. Superintendent, Great Meadow Correctional Facility</u>, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

Lane argues that the Administrative Law Judge ("ALJ") erred in finding that she

2

was not disabled.  According to Lane,

> (1) the ALJ failed to fully apply the proper legal standard in determining that several of Plaintiff's impairments did not meet the requisite level of severity; (2) the ALJ erred in giving little weight to Dr. Ravi's opinion that Plaintiff required periodic interruptions in her work schedule; (3) the ALJ failed to properly evaluate Plaintiff's credibility as to her subjective complaints of pain; (4) the ALJ failed to account for Plaintiff's gastrointestinal problems in determining her [residual functional capacity, or] RFC; and (5) the ALJ failed to account for Plaintiff's right hand pain in determining her  RFC.

(R & R (Dkt. No. 18) at 16)  Judge Wang rejects all but one of these arguments, finding either that the ALJ did not err or that, if the ALJ erred, the error was harmless.  (Id. at 16-22)  As to the ALJ's treatment of Plaintiff's gastrointestinal issues, however, Judge Wang recommends a remand, because "the ALJ's determination that Plaintiff could return to her previous work based on her RFC was not supported by substantial evidence."  (Id. at 23)

This Court has reviewed Judge Wang's well-reasoned R & R and is satisfied that "there is no clear error on the face of the record."  Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).  As Judge Wang explains, the ALJ did not address the evidence regarding Plaintiff's need to take breaks during the day because of her gastrointestinal issues.  (R & R (Dkt. No. 18) at 23)  For this reason, it was not clear error for Judge Wang to recommend that this case be remanded to the ALJ for further proceedings pursuant to 42 U.S.C. § 405(g).

## CONCLUSION

Judge Wang's R & R (Dkt. No. 18) is adopted in its entirety.  Plaintiff's motion for judgment on the pleadings is granted to the extent that this case is remanded for further administrative proceedings, as set forth above and in the R & R.  Defendant's motion for

judgment on the pleadings is denied.  The Clerk of Court is respectfully directed to terminate the

motion (Dkt. No. 17) and to remand this case to the Commissioner of Social Security for further

proceedings.

Dated:  New York, New York
       April 15, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

4